## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ALMEIDA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | )<br>)<br>)<br>) Case No.<br>) |
| *Plaintiff,* | )<br>) |
| v. | ) **JURY TRIAL DEMANDED** |
| LOCALIZE CITY INC., | )<br>)<br>) |
| *Defendant.* | ) |

## CLASS ACTION COMPLAINT

Plaintiff David Almeida ("Almeida" or "Plaintiff"), individually and on behalf of all others similarly situated, brings this class action lawsuit for damages and other relief resulting from the unlawful actions of Defendant Localize City Inc. ("Localize" or "Defendant") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), and alleges on personal knowledge, investigation of his counsel and, where indicated, on information and good faith belief as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action lawsuit against Localize, a real estate acquisition platform that supports realtors in converting leads with artificial intelligence ("AI") technologies, to enforce the consumer privacy provisions afforded by the TCPA, a federal law designed to curtail abusive telemarketing practices.

2. As detailed herein, Defendant sent unsolicited text messages promoting its real estate listings to Plaintiff and the putative class members using an automatic telephone dialing system ("ATDS") in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2).

3. Plaintiff brings this Class Action Complaint for legal and equitable remedies

1

resulting from the illegal actions of Defendant Localize in making unsolicited text messages for the purposes of marketing its goods and services including to individuals, like Plaintiff, who are listed on the National Do Not Call Registry in clear violation of the Telephone Consumer Protection Act.

**PARTIES**

4. Plaintiff David Almeida is an individual and a "person" as defined by 47 U.S.C. § 153(39). Plaintiff is, and at all times mentioned herein was, a resident of Cook County, Illinois.

5. Plaintiff's telephone number ending in 3024 (the "Number") has been registered on the National Do Not Call Registry since December 2022.

6. Defendant Localize is a Delaware corporation with its principal address located at 35 West 31st Steet, 6th Floor, New York, NY.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant directs, markets and provides its business activities throughout the United States, including but not limited to the State of Illinois. Specifically, Defendant has a presence within the city of Chicago, where it marketed its services by sending marketing text messages.

**JURISDICTION & VENUE**

9. This Court has federal question subject matter jurisdiction over this class action lawsuit pursuant to 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA.

10. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in

the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

11. This Court has personal jurisdiction over Defendant Localize because it provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred from within the Northern District of Illinois and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Northern District of Illinois.

12. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events and occurrences giving rise to the claims asserted herein occurred there.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

13. Passed in 1991, the TCPA was designed to prevent calls and text messages like the ones described herein, as well as to protect the privacy of citizens. *See, e.g.*, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA.").

14. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-

243, § 11.

15. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

16. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." TCPA, Pub.L. No. 102-243, §§ 12-13; *see also Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012) (stating that "[a]n automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance").

17. The TCPA makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

18. Text messages are calls and are subject to the TCPA. *See, e.g.*, *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666 (2016); *Sojka v. Directbuy.*, 35 F.Supp.3d 996, 1000-01 (N.D. Ill 2014).

19. 47 C.F.R. § 64.1200(a)(2) additionally states, with respect to advertisement and

telemarketing calls—of which these texts to Plaintiff unquestionably are—that "[n]o person or entity may . . . [i]nitiate or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party . . . ."[1]

20. The TCPA provides for damages in the amount of $500 for each negligent violation and $1,500 for each knowing violation. *See* 47 U.S.C. § 227(b)(3).

21. The TCPA further provides that prerecorded calls or text messages that contain "advertisements" or constitute "telemarketing" require the sender to acquire the recipient's "prior express written consent" before initiating such calls.

22. The receipt of unsolicited calls and text messages is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

23. In addition, the National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

24. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the National Do Not Call Registry and provide

---

[1] 47 C.F.R. § 64.1200(f)(8) defines "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

5

a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

25. Defendant Localize holds itself out as a real estate adjacent company that uses AI technologies to help real estate agents, brokers and teams scale their sales practices.[2]

26. Specifically, Defendant Localize "believe[s] in the transformative and limitless potential of artificial intelligence built for real estate. By leveraging deep technologies, we empower real estate agents, teams and brokers to amplify their reach beyond human capabilities and create new opportunities."[3]

27. To accomplish these goals, Defendant Localize sends text message through Hunter, which is LocalizeEOS's AI.[4]

28. Consistent with its marketing practices, Defendant sent numerous unsolicited text messages to Plaintiff, the purpose of which was to promote and to advertise the sale of real estate on behalf of the third parties that Defendant partners with.

29. Defendant sent the unsolicited text messages to Plaintiff's phone number ending in 3024. Plaintiff is the regular user of that phone number.

30. Upon information and belief, the text messages originated from a telephone number, (312) 766-8601, owned and operated by Defendant.

31. Specifically, on February 13, 2024 at 8:14 p.m., Plaintiff received the first of many automated, unsolicited and unconsented text messages from the phone number (312) 766-8601.

---

[2] https://localizeos.com/

[3] https://localizeos.com/company/

[4] https://localizeos.com/faqs/



32. On February 14, 2024 at 10:25 a.m., Plaintiff received a second automated text from the same phone number associated with LocalizeOS, (312) 766-8601. A link within the text indicates its affiliation with LocalizeOS, and this text informed Plaintiff of a "brand new listing." Again, Plaintiff did not consent to receive text messages with respect to these listings.

7



33. On February 15, 2024 at 3:14 p.m., Plaintiff received a third automated text message from the same LocalizeOS phone number, (312) 766-8601. A link embedded in the text indicates it was sent by LocalizeOS, and the text contains marketing and advertising for LocalizeOS real estate listings.

34. On February 16, 2024 at 10:04 a.m., Plaintiff received a fourth automated text message from the same LocalizeOS phone number, (312) 766-8601. A link embedded in the text

8

indicates that it was sent by LocalizeOS, and the text message contains marketing and advertising for LocalizeOS real estate listings. This text message contained yet another unsolicited offer, this time to visit a particular condominium unit.

35. A true and correct copy of the February 15 and 16, 2024 text messages is reproduced below:



36. As demonstrated by the above text messages, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services. Specifically, the purpose of the calls was to encourage or to invite Plaintiff to review and purchase real estate or investment in property.

37. Defendant sent that unsolicited text even though Plaintiff's Number ending in 3024 has been listed on the National Do Not Call Registry since December 2022.

9

38. Defendant sent or caused to be sent the subject texts to Plaintiff in this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

39. The text messages Defendant sent to Plaintiff consisted of pre-written templates that Defendant would have sent to other consumers.

40. Upon information and good faith belief, the language in the messages were automatically generated and inputted into pre-written text templates without any actual human intervention in the drafting or sending of the messages; the same exact messages were sent to thousands of other consumers.

41. Plaintiff never provided Defendant with express written consent authorizing it to transmit text messages to Plaintiff's cellular telephone number.

42. Plaintiff has no existing business relationship with Defendant.

43. Plaintiff also never provided his telephone number to Defendant.

44. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

45. Defendant's text messages caused Plaintiff and the Class members harm, including liquidated damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## **CLASS ALLEGATIONS**

46. Plaintiff brings this civil class action on behalf of himself individually and in a representative capacity on behalf of all other similarly situated persons pursuant to Federal Rule of Civil Procedure 23.

47. Plaintiff seeks to represent the following Classes:

   **TCPA Class**: All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received one or more text message without giving prior express written consent to Defendant regarding Defendant's property, goods and/or services on their cellular telephone line.

   **National Do Not Call Registry Subclass** All persons within the United States whose telephone numbers were on the National Do Not Call Registry for at least 31 days and who, within the four years prior to the filing of this lawsuit through the date of class certification, received one or more text message without giving prior express written consent to Defendant regarding Defendant's property, goods and/or services on their cellular telephone line.

48. Excluded from the Class are Defendant, its officers and directors, members of its immediate families and its legal representatives, heirs, successors, or assigns and any entity in which Defendant has or had a controlling interest.[5]

49. **Numerosity:** Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendant's business and the volume of unsolicited text message sent, that the Class is so numerous that individual joinder would be impracticable.

50. **Commonality:** There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) Whether Defendant sent text messages to Plaintiff and class members using an ATDS and/or an artificial or prerecorded text message without their prior express written consent;

    (b) Whether Defendant's conduct was knowing and/or willful;

    (c) Whether Defendant is liable for damages, and the amount of such damages; and

    (d) Whether Defendant should be enjoined from engaging in

---

[5] Plaintiff reserves the right to revise or to amend the Classes and to add subclasses as appropriate based on discovery and specific theories of liability.

such conduct in the future.

51. **<u>Typicality</u>:** Plaintiff's claims are typical of the claims of the members of the class. Plaintiff has had to suffer the burden of receiving unsolicited prerecorded marketing and sales calls to his cellular telephones.

52. Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice and procedure on the part of Defendant. Moreover, Plaintiff's claims are based on the same theories, as are the claims of the members of the Class.

53. Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant harassed Plaintiff and Class Members by illegally sending text messages without consent to Plaintiff and Class Members. Plaintiff and the Class were damaged thereby. Thus, his injuries are typical to Class Members.

54. **<u>Predominance</u>:** The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

55. **<u>Adequacy</u>:** Plaintiff is qualified to and will fairly and adequately protect the interests of the members of the Class with whom they are similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member.

Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class, and he will vigorously pursue the claims of the members of the class.

56. Plaintiff has retained counsel experienced and competent in class action litigation. Plaintiff's attorneys, proposed class counsel, are well-versed in the rules governing class action discovery, certification and settlement. In addition, proposed class counsel is experienced in
12

handling clams involving consumer actions and violations of the TCPA.

57. Plaintiff's counsel will assert, protect and otherwise represent the members of the class.

58. **Superiority**: A class action is superior to all other available methods for the fair and efficient adjudication of this matter because:

- If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

- The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class and could substantially impair or impede their ability to protect their interests.

- The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

- These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

- The damages suffered by each individual member of the class may be relatively modest, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

- Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

- The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

- There will be little difficulty in the management of this action as a class action.

59. Defendant has acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

60. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages because of Defendant's unlawful conduct.

61. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

62. In addition, the members of the class are readily identifiable in that, upon information and good faith belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and/or by third parties.

## COUNT I

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227, *et seq.***
**(*On Behalf of Plaintiff & the TCPA Class*)**

63. Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

64. The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

65. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500 for each and every text message sent in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

66. Plaintiff and members of the proposed Class are also entitled to and do seek

injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

67. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## COUNT II

### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227, *et. seq*
### (*On Behalf of Plaintiff & the National Do Not Call Registry Subclass*)

68. Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

69. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

70. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

71. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

72. Plaintiff's Number ending in 3024 has been listed on the National Do Not Call Registry since December 2022.

73. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the National Do Not Call

Registry Subclass members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

74. Defendant violated 47 U.S.C. § 227(c) because Plaintiff and the National Do Not Call Registry Class received an unsolicited telephone call made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the National Do Not Call Registry subclass suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

75. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the National Do Not Call Registry Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b) As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes treble damages, as provided by statute, of up to $1,500 for each and every text message that violated the TCPA;

c) As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes $500 in statutory damages for each and every text message that violated the TCPA;

d) An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Classes;

e) An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, finding that Plaintiff is a proper representative

    of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Classes, as well as

  f) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Date: March 7, 2024          Respectfully Submitted,

              By: */s/ Brandon M. Wise*
              Brandon M. Wise
              **PEIFFER WOLF CARR KANE CONWAY & WISE LLP**
              IL Bar # 6319580
              One US Bank Plaza, Suite 1950
              St. Louis, MO 63101
              Ph: (314) 833-4825
              bwise@ peifferwolf.com

              *COUNSEL FOR PLAINTIFF*
              *& THE CLASS*